UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

-vs-  Case # 5:15cr25-003

ANTOINE LAMAR GRANT
a/k/a "Twan"  USM # 23539-017

Defendant's Attorney:
Jean Marie Downing (Appointed)
2111 Thomas Drive, Suite 1
Panama City, Florida  32408

_____

**JUDGMENT IN A CRIMINAL CASE**

The defendant pleaded guilty to Counts 1, 2, and 4 of the superseding indictment on November 10, 2015.  Accordingly, IT IS ORDERED that the defendant is adjudged guilty of such counts which involve the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 | Conspiracy to Possess with Intent to Distribute In Excess of 500 Grams of Methamphetamine | September 1, 2015 | 1 |
| 18 U.S.C. § 924(c)(1)(A) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime | August 19, 2015 | 2 |
| 18 U.S.C. §§ 922(g) and 924(a)(2) | Possession of a Firearm by a Convicted Felon | August 19, 2015 | 4 |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective

subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
April 14, 2016


s/Robert L. Hinkle
United States District Judge
April 19, 2016

## **IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **120 months on Counts 1 and 4, to run concurrently, and 60 months consecutive on Count 2, for a total of 180 months.**

The Court recommends to the Bureau of Prisons **in order of priority**:

    **1.  The defendant should participate in a residential drug-abuse program and in cognitive behavioral therapy.**

    **2.  The defendant should participate in mental-health counseling.**

    **3.  The defendant should be designated to a facility as near as possible to Panama City, Florida.**

The defendant is remanded to the United States Marshal.

## **RETURN**

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                              _____
                                              UNITED STATES MARSHAL

                                        By:_____
                                              Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years on Count 1 and 3 years on Counts 2 and 4, all to run concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1.  The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.  The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.  The defendant shall support his or her dependents and meet other family responsibilities;

5.  The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.  The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7.  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.  The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11.  The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12.  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13.  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14.  If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

Case No.  5:15cr25-003

## **ADDITIONAL CONDITIONS OF SUPERVISED RELEASE**

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant must report to the probation office in person within 72 hours after the defendant is released from custody. The office must be in the Northern District of Florida or the district where the defendant is released from custody.

2. The defendant must not own or possess a firearm, dangerous weapon, or destructive device.

3. The defendant must submit to testing to determine whether he is using drugs or alcohol.

4. The defendant must successfully participate in substance-abuse treatment consisting of an initial evaluation—by a probation officer or outside provider—and any further appropriate treatment. The treatment may include cognitive behavioral therapy.

5. The defendant must participate in a program of mental-health treatment.

6. The defendant must provide the probation officer all requested financial information, business or personal.

7. The defendant must cooperate with the probation department and the appropriate state agency on child-support matters and must make all required child-support payments.

8. The defendant must make reasonable efforts to obtain a GED.

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

    These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

_____       _____
Defendant                                                                Date


_____       _____
U.S. Probation Officer/Designated Witness          Date

## CRIMINAL MONETARY PENALTIES

      All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

      The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| SPECIAL MONETARY ASESSEMENT | FINE | RESTITUTION |
|---|---|---|
| $300.00 | -0- | -0- |

## SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$300.00** is imposed.

No fine imposed.

Case No. 5:15cr25-003

## **SCHEDULE OF PAYMENTS**

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties

Payment of the total fine and other criminal monetary penalties shall be due as follows:

in full immediately

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n).  Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due.  The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall forfeit the defendant's interest in the following property to the United States:

Case No.  5:15cr25-003