IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:  5:15cr25/RH/EMT
             5:17cv91/RH/EMT

ANTOINE LAMAR GRANT

# REPORT AND RECOMMENDATION

This matter is before the court upon Defendant Antoine Lamar Grant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 283). The Government filed a response (ECF No. 296), and Grant filed a reply (ECF No. 306). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, the undersigned recommends that the § 2255 motion be denied without an evidentiary hearing. *See* Rules 8(a) and (b), Rules Governing Section 2255 Proceedings.

## I.   PROCEDURAL BACKGROUND

On September 15, 2015, a grand jury returned an indictment, charging Grant with conspiracy to distribute and possess with intent to distribute in excess of 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841 and 846 ("Count One") and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("Count Two") (ECF No. 20).  A superseding indictment was returned on October 21, 2015, which additionally charged Grant with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) ("Count Four") (ECF No. 103).

Grant pleaded guilty as charged, pursuant to a written plea agreement, on November 10, 2015 (ECF Nos. 133–135).  He signed a Factual Basis for Guilty Plea which provided in relevant part:

> On August 19, 2015, law enforcement searched the defendant's resident at Panama City Beach, Florida.  This residence/apartment was utilized by the defendant to store methamphetamine held by him for distribution.  During the search of the defendant's bedroom, law enforcement recovered a large quantity of methamphetamine as well as the firearms described in the indictment.  One or more of the firearms described in Count Two of the indictment was possessed by the defendant for the purpose of securing or protecting the methamphetamine stored in the apartment.

(ECF No. 134 at 2).   The Factual Basis also set forth facts establishing the amount of methamphetamine involved in the conspiracy and Grant's guilt as to Count Four (*see* ECF No. 134).   Grant affirmed at his rearraignment, under oath, that he had read the statement of facts word for word and agreed with the content therein (ECF No. 258 at 15−16).

The Final Presentence Investigation Report ("PSR") noted that Grant was a career offender with a total offense level of 38 and a criminal history category of VI (ECF No. 250).   The applicable sentencing guideline range was 420 months to life in prison, plus 60 months, due to the mandatory consecutive term of imprisonment on Count 2 (ECF No. 250, PSR ¶ 170).

On April 14, 2016, the court sentenced Grant to concurrent terms of 120 months of imprisonment on Counts One and Four, and a consecutive term of 60 months on Count Two (ECF Nos. 253, 254).   The court awarded Grant a three-level downward adjustment for acceptance of responsibility, reducing the applicable guideline range to 352 to 425 months of imprisonment.   The sentence was below the otherwise applicable guideline range because the court granted a motion for a

variance to which the Government did not object (ECF No. 255 at 4). Grant did not appeal, and he timely filed the instant § 2255 motion on March 16, 2017.[1]

In the instant motion, Grant claims his sentence on Count Two should be vacated because the record did not establish he "used or carried" the firearm during and in relation to a drug trafficking crime and because his appointed attorney, Jean Marie Dowling, was constitutionally ineffective. The Government opposes the motion.

## II.   ANALYSIS

A. <u>General Standard of Review</u>

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to section 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266, 276 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court

may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016). To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v.*

*Washington*, 466 U.S. 668, 686 (1984). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

B. Ground One: Insufficient Evidence to Support Ground Two Conviction

Grant first contends that the record was insufficient to sustain a conviction under the "use" and "carry" prong of § 924(c)(1) and that his conviction on Count Two thus must be vacated. This claim, which could have been raised on appeal, is procedurally barred. *See Lynn*, *Bousley, supra*. Grant can, however, circumvent the procedural bar by showing cause for not raising the ground on direct appeal and actual prejudice, that is, that he is "actually innocent." *Lynn,* 365 F. 3d at 1234. He cannot do so.

Under § 924(c)(1), a defendant violates the law by using or carrying a firearm during and in relation to a drug trafficking crime, or alternatively, by *possessing* a firearm in furtherance of such a crime. The Government agrees that the evidence was insufficient to establish a factual basis to convict Grant under the "use and carry"

Page **8** of **12**

prong of § 924(c)(1), as Grant contends (ECF No. 296 at 3). But, as indicated above, the indictment specifically charged that Grant, "*in furtherance of* a drug trafficking crime . . . did knowingly *possess* a firearm" (ECF No. 20 at 2) (emphases added). The indictment does not reference the "use or carry" prong of the statute. Moreover, Grant admitted under oath that the facts set forth in the signed Statement of Facts were true and correct (*see* ECF No. 258 at 15, 16). Those facts are sufficient to establish that Grant violated § 924(c)(1) by possessing a firearm in furtherance of a drug trafficking crime, as they specifically state that Grant "possessed" the firearm(s) found during a search of his residence "for the purpose of securing or protecting the methamphetamine stored in" the residence (ECF No. 134 at 2). The claim raised in Gound One therefore lacks merit.

C. Ground Two: Ineffective assistance of counsel

In Ground Two, Grant contends his sentence is unconstitutional because Attorney Jean Downing's performance was constitutionally deficient in several respects.[2]

---

[2] The court notes that the § 2255 motion might have been prepared by an individual other than Defendant Grant, as the motion repeatedly and erroneously refers to counsel as "he" (ECF No. 283-1 at 4, 5). Another attorney appeared briefly at a proceeding held on March 17, 2016 (ECF No. 259), but Ms. Downing was the attorney of record at Grant's actual sentencing hearing on April 14, 2016 (ECF No. 253).

Case Nos.: 5:15cr25/RH/EMT; 5:17cv91/RH/EMT

First, Grant asserts that Ms. Downing failed to object to what he describes as the "erroneously applied § 924(c)(1) enhancement" (ECF No. 283-1 at 4). To the extent Grant suggests the § 924(c)(1) *conviction* was improper or constitutionally infirm, the contention is meritless for the reasons previously discussed. To the extent Grant claims the sixty-month, consecutive *sentence* was improper, again the claim is without merit. *See* 18 U.S.C. § 924(c) (requiring five-year mandatory minimum sentence that must not run concurrently with "any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed"). Counsel is not constitutionally deficient for failing to preserve or argue a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).

Next, Grant contends counsel should have been aware of the Supreme Court's 1995 decision in *Bailey v. United States*, 516 U.S. 137 (1995), which required some sort of active employment of a firearm, rather than mere possession, to support a § 924(c) conviction. *See id.* (simple possession of a firearm could not constitute "use" of a firearm, as the term was used in that section, because "use" required some

sort of active employment of a firearm).   While Grant's understanding of *Bailey* is correct, subsequent developments changed the legal landscape dramatically.

The *Bailey* Court observed that if Congress had "intended possession alone to trigger liability under § 924(c)(1), it easily could have so provided."   *Bailey*, 516 U.S. at 143.   Congress did so three years later in an amendment colloquially known as the "Bailey Fix Act."   *See United States v. O'Brien*, 560 U.S. 218, 233 (2010) (citing 144 Cong. Rec. 26608 (1998) (remarks of Sen. DeWine); *Dean v. United States*, 556 U.S. 568, 580−81 (2009) (Stevens, J., dissenting)).   More specifically, in 1998 Congress amended § 924(c) by adding to section 924(c)(1) a new prong in order to punish a person who "possessed" a firearm "in furtherance" of a crime of violence or drug trafficking crime (*see* Criminal Use of Guns Act of 1998, Pub. L. No. 105-386, § 1(a), 112 Stat. 3469 (1998)).   Hence, by the time Grant was charged under § 924(c) in 2015, possession of a firearm in furtherance of a drug trafficking crime was sufficient to trigger liability under the statute.   *Bailey* has no application to Grant's case, and counsel was not constitutionally ineffective for failing to raise a claim based on this case.

### III.   CONCLUSION

Case Nos.: 5:15cr25/RH/EMT; 5:17cv91/RH/EMT

An evidentiary hearing is not necessary for this court to resolve Grant's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). Furthermore, Grant has not shown that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. His motion should be denied in its entirety.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

Case Nos.: 5:15cr25/RH/EMT; 5:17cv91/RH/EMT

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. Grant's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 283) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 4th day of September 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 5:15cr25/RH/EMT; 5:17cv91/RH/EMT